United States District Court
Eastern District of Michigan
Southern Division

**Taylor Wade,**

    Plaintiff,                      Civil No.

v.

**Allstate Property and Casualty Insurance Company and Jallyah Barnes,**

    Defendants.

## Notice of Removal

Federal defendant, Jallyah Barnes, petitioner herein, by her attorneys, pursuant to pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), and 1446, hereby removes this action (Case No. 19-006382-NF), which is now pending in the Third Judicial Circuit Court, Wayne County for the State of Michigan from said state court to the United States District Court for the Eastern District of Michigan, Southern Division.

Plaintiff seeks to sue defendant Jallyah Barnes, who at all relevant times was an employee of the United States Postal Service, which is an agency of the United States of America.  This action is removable under 28 U.S.C. § 1441 and 28 U.S.C. § 2679(d) because the Attorney General, through his designee, Peter A. Caplan,

Chief of the Civil Division of the United States Attorney's Office for the Eastern District of Michigan, has certified that defendant was acting within the scope of her employment at the time of the incident out of which this suit arose. (Exhibit A.) As such, plaintiff's claim is one against the "United States or any agency thereof or any officer . . . of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . ." 28 U.S.C. § 1442(a)(1).

The above-entitled action was filed against defendant on or about April 30, 2019; formal service of process was made upon the United States Postal Service on or May 28, 2019. The United States Attorney's Office has not been served. Copies of all process and pleadings in possession of petitioner are attached hereto. (Exhibit B.)

        Respectfully Submitted,

        **Matthew Schneider**
        United States Attorney

        */s/ Vanessa M. Mays*
        **Vanessa M. Mays** (P34725)
        Assistant United States Attorney
        211 W. Fort Street, Suite 2001
        Detroit, Michigan 48226
        Phone: (313) 226-9762
        Facsimile: (313) 226-3271
        E-mail: vanessa.mays@usdoj.gov

Dated: February 28, 2020

# **Certification of Service**

I hereby certify that on February 28, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system. I further certify that I have mailed by U.S. mail the foregoing paper to the following non-ECF participants:

Sharif Aref
**AREF LAW, P.L.L.C.**
2000 Town Center, Suite 1900
Southfield, Michigan 48075
*Attorney for Plaintiff*

I further certify that I have filed the foregoing paper with the Clerk of the Court using the MiFILE system to the following:

State of Michigan
Third Judicial Circuit
Wayne County
2 Woodward Avenue
Detroit, Michigan 48226

    */s/ Vanessa M. Mays*
**Vanessa M. Mays** (P34725)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan  48226
Phone: (313) 226-9762
Facsimile:  (313) 226-3271
E-mail: vanessa.mays@usdoj.gov

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | | 2nd Copy - Plaintiff<br>3rd Copy -Return | |
|---|---|---|---|---|
| **STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY** | | **SUMMONS** | **CASE NO.**<br>19-006382-NF<br>Hon. Sheila Ann Gibson | |

Court address: 2 Woodward Ave., Detroit MI 48226     Court telephone no.: 313-224-5207

| Plaintiff's name(s), address(es), and telephone no(s)<br>Wade, Taylor | v | Defendant's name(s), address(es), and telephone no(s).<br>Barnes, Jaliyah |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br>Sharif A. Aref 74522<br>2000 Town Ctr Ste 1900<br>Southfield, MI 48075-1152 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>4/30/2019 | Expiration date*<br>7/30/2019 | Court clerk<br>Jacquetta Parkinson |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (1/19)    **SUMMONS**    MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

DETROIT DISTRICT
ACCIDENT & TORT CLAIM
MAY 28 2019
RECEIVED

DETROIT DIS[...]
ACCIDENT & TOR[T C]LAIMS

RECE[IVE]D

**SUMMONS**
Case No.: **19-006382-NF**

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**   OR   ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                          Date
My commission expires: _____   Signature: _____
                         Date                         Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                        Attachments
_____ on _____
                    Day, date, time
_____ on behalf of _____

Signature

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

TAYLOR WADE,

    Plaintiff,

19-006382-NF

Case No. 2019-NF
Hon.

v.

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY AND
JALLYAH BARNES,

    Defendants.

**Sharif Aref (P74522)**
Aref Law, P.L.L.C.
2000 Town Center, Suite 1900
Southfield, MI 48075
Phone: (248) 509-4555
Fax: (248) 841-8683
sharif@areflaw.com
support@areflaw.com
gina@areflaw.com
*Attorney for Plaintiff, Taylor Wade*

DETROIT DISTRICT
ACCIDENT & TORT CLAIMS

MAR 28 2019

**RECEIVED**

## PLAINTIFF'S COMPLAINT

There is no other civil action between these parties arising out of the same transaction or *occurrence as alleged in this Complaint pending in this Court, nor has any such action been* previously filed and dismissed or transferred after having been assigned to a judge. MCR 2.113(C)(2)(b).

*/s/ Sharif Aref*

Sharif Aref – P74522

1

NOW COMES Plaintiff, TAYLOR WADE, by and through her legal counsel, AREF LAW, P.L.L.C., for her Complaint against Allstate Property and Casualty Insurance Company, Jallyah Gervin-Barnes, states as follows:

## COMMON ALLEGATIONS

1. The Plaintiff, Taylor Wade, is a resident of the City of Canton, County of Wayne, State of Michigan.

2. The Defendant-PIP Carrier, Allstate Property and Casualty Insurance Company (hereinafter referred to as "Allstate"), is an insurance company conducting business pursuant to the laws of the State of Michigan, and conducts business in the County of Wayne.

3. The Defendant-Driver, Jallyah Barnes, upon information and belief, is a resident of the City of Detroit, County of Wayne, State of Michigan.

4. The place of which the original injury occurred is in the City of Detroit, County of Wayne, State of Michigan.

5. The amount in controversy exceeds $25,000.00, exclusive of interests, costs and potential attorney fees, and is otherwise within the jurisdiction of this Honorable Court.

## COUNT I
## CLAIM FOR FIRST PARTY BENEFITS AS TO DEFENDANT ALLSTATE

6. Plaintiff, Taylor Wade, hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 5 of this Complaint as if more specifically set forth herein word for word, paragraph for paragraph.

DETROIT DISTRICT
ACCIDENT & TORT CLAIMS

2 8 2̶ ̶

REC̶E̶I̶V̶

7. Defendant Allstate issued a policy of No-Fault Insurance (via MACP), as a result of Plaintiff's automobile accident on September 5th, 2018, which continued in effect during all times relevant and pertinent to the issues for this Court. Defendant assigned claim number 19-0203001 and Plaintiff is entitled to benefits under this policy.

8. On September 5th, 2018, Plaintiff was involved in an automobile accident. The collision caused her accidental bodily injuries within the meaning of Defendant's policy and the statutory provision of MCL 500.3105.

9. Shortly after the collision on September 5th, 2018, Plaintiff sought medical treatment with her treating physicians where she reported pain.

10. Since the collision, Plaintiff has reported back, shoulder, elbow and neck pain to various medical professionals. These are not exhaustive reports as Plaintiff relies upon the information contained within the medical records.

11. Plaintiff's known diagnosis at this time includes but not limited to motor vehicular trauma, disc bulges at L2-3, L3-4, L5-S1, L4-5, T5-6, T12-L1, compressing the ventral thecal sac as well as a neck/back sprain/strain. This is not and exhaustive list as Plaintiff relies upon the information contained within the medical records.

12. Reasonable proof for full payment of all personal protection insurance benefits has been supplied, but Defendant has unreasonably refused to pay and/or is expected to refuse to pay in the future.

13. Defendant has unreasonably refused to pay or has unreasonably delayed making proper payments to Plaintiff contrary to MCL 500.3142 and MCL 500.3148 and continues to do so.

14. Defendant Allstate has wrongfully withheld payment of allowable expenses forcing Plaintiff to incur other expenses connected with the subject matter of this action, all of

3

DETROIT DISTRICT
ACCIDENT & TORT CLAIMS
M Y 2 8 2u19
RECF /ED

which expenses have been needlessly placed upon Plaintiff by the wrongful actions of Defendant. As such, Plaintiff is entitled to obtain from Defendant interest, costs and a reasonable attorney fee pursuant to the provisions of the no-fault statute.

15. Defendant has had sufficient information to pay all claims, and did not do so within the statutory 30 day time period, set forth under the Michigan No-Fault Act. Therefore, Plaintiff is entitled to attorney fees, costs and interest due to this breach.

WHEREFORE, Plaintiff, Taylor Wade, seeks judgment against Defendant, Allstate Property and Casualty Insurance Company, in an amount in excess of $25,000.00 that is fair, just and reasonable, and which sums include all past-due and presently-owed No-Fault benefits together with interest, costs and no-fault attorney fees.

## COUNT II
## 3RD PARTY AUTO NEGLIGENCE CLAIM AS TO DEFENDANT-DRIVER, JALLYAH GERVIN-BARNES

16. That Plaintiff, Taylor Wade, hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 15 of this Complaint as if more specifically set forth herein word for word, paragraph for paragraph.

17. That on or about September 5th, 2018, Plaintiff, Taylor Wade was a driver of a 2013 Ford Mustang, bearing vehicle registration number DXN0728, which motor vehicle was being driven in a careful and prudent manner along and upon Davison Street at or near the intersection of Lawton Street, City of Detroit, County of Wayne, State of Michigan.

18. That at the aforementioned place and time, Defendant, Jallyah Gervin-Barnes, was the operator of a 2008 Chevy Uplander, bearing vehicle registration number 7224730, which motor vehicle said Defendant was being driven in a careless, reckless and negligent manner along and upon Davison Street, at or near the intersection of Lawton Street, in the City of Detroit, County of Wayne, State of Michigan, when Defendant did strike Plaintiff's vehicle, causing serious and permanent injuries to Plaintiff as hereinafter alleged.

DETROIT DISTRICT
ACCIDENT & TORT CLAIMS
M  2 8 2019
RE

19. On the aforementioned day and date, Defendant, Jallyah Gervin-Barnes, owed a duty to operate his vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and Ordinances for the City of Detroit.

20. That as a direct and proximate result of the subject automobile accident, the Plaintiff suffered serious and disabling injuries including serious impairments of bodily function and permanent and serious disfigurements.

21. That the aforesaid injuries and damages sustained by the Plaintiff constitute a serious impairment of a bodily function(s) and/or serious permanent disfigurement.

22. Contrary to the duties owed to Plaintiff, Defendant, Jallyah Gervin-Barnes, was negligent, careless and reckless in several respects, in violation of rules and regulations in Detroit, including the following:

    (a) Failing to operate the motor vehicle with due care and caution in violation of MCLA 257.627, MSA 9.2327;
    (b) Driving the vehicle carelessly and heedlessly with willful and wanton disregard for the safety and rights of others, MCLA 257.626(a), MSA 9.2326(a);
    (c) Failing to keep the automobile constantly under control;
    (d) Failing to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCLA 257.626(b), MSA 9.2326(2);
    (e) Failing to attempt to stop the vehicle when Defendant knew or should have known that failure to do so would naturally and probably result in injury to Plaintiffs;
    (f) Failing to observe the highway in front of Defendant's vehicle when Defendant knew, or should have known, that failure to observe oncoming vehicles would endanger the life or property of other persons using the roadway;
    (g) Failing to yield to all approaching vehicles, MCLA 257.652, MSA 9.2352;
    (h) Failing to exercise reasonable and ordinary care to keep sharp lookout so as to avoid striking a vehicle, in violation of MCLA 257.401, MSA 9.2101;
    (i) Failing to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCLA 257.627(1), MSA 9.2327(1);
    (j) Failing to make timely use of the braking system with which said vehicle is equipped;
    (k) Failing to give audible warning of said motor vehicle when reasonably necessary to ensure its safe operation in violation of MCLA 257.706, MSA 9.2406;

DETROIT DISTRICT ACCIDENT & TORT CLAIMS

REC

(l) Operating said motor vehicle in excess of the posted limit in violation of MCLA 257.628, MSA 9.2328; and,

(m) Failing to stop for a steady red traffic light before entering an intersection in violation of MCLA 257.612, MSA 9.2312.

WHEREFORE, Plaintiff, Taylor Wade, prays that judgment be entered in her favor against Defendant, Jallyah Barnes, for whatever amount in excess of $25,000.00 she is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for her injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## TRIAL BY BENCH

Plaintiff hereby demands trial by Bench.

Respectfully,

Aref Law, P.L.L.C.
*Attorney for Plaintiff*

/s/ *Sharif Aref*
Sharif Aref (P74522)
2000 Town Center, Ste. 1900
Southfield, MI 48075
Phone: (248) 509-4555

Dated: 4-29-2019.

6


DETROIT DISTRICT
ACCIDENT & TORT CL
c. 8
RE